IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:22CR59 |
| vs. | FINDINGS AND RECOMMENDATION *NUNC PRO TUNC* |
| HOLLY M. FLEMING, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss Count IV of the Indictment (Filing No. 20) on the basis that it is duplicitous. The parties have briefed the motion, and the matter is now fully submitted to the Court. For the following reasons, the undersigned magistrate judge recommends the motion be denied.

## BACKGROUND

On March 22, 2022, the grand jury returned a four-count indictment charging Defendant with two counts of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) (Counts I and III); one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) (Count II); and using and carrying a firearm during and in relation to, and knowingly possessing such firearm in furtherance of, a drug trafficking crime (as to the offenses described in Counts I and III) in violation of 18 U.S.C. § 924(c)(1)(A) (Count IV). (Filing No. 1). Defendant has filed the instant motion to dismiss Count IV. (Filing No. 20).

## ANALYSIS

Defendant argues Count IV of the Indictment should be dismissed as duplicitous because § 924(c) creates two separate and distinct offenses, but Count IV charges her with both. "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018) (quoting *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997)). "The problem with a duplicitous indictment is that 'the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular

offense.'" *Paul*, 885 F.3d at 1104 (8th Cir. 2018) (quoting *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994)).

Defendant is charged in Count IV with violating § 924(c)(1)(A), which provides:

[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years; . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and . . . if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). The Eighth Circuit Court of Appeals has held that § 924(c)(1)(A) creates two separate offenses: (1) possession of a firearm in furtherance of crime of violence or drug trafficking offense and (2) use or carry of a firearm during and in relation to a crime of violence or drug-trafficking offense. *United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006).

Defendant argues Count IV of the Indictment is duplicitous because it charges her with both § 924(c)(1)(A) offenses (using or carrying a firearm in relation to, and possessing a firearm in furtherance of, a drug trafficking offense), and contends a jury cannot properly consider Count IV without a substantial risk of a non-unanimous verdict, jury confusion, and conviction on a non-offense. (Filing No. 21 at p. 4). The government responds that Count IV of the Indictment "is appropriately filed to inform the defendant fully of the charges that she faces" and argues that, despite the holding in *Gamboa*, charging both § 924(c)(1)(A) offenses in one count is not duplicitous and only criminalizes one crime, relying on the Ninth Circuit Court of Appeals' reasoning in *United States v. Arreola*, 467 F.3d 1153 (9th Cir. 2006). (Filing No. 27 at pp. 3-9).

The arguments advanced by both Defendant and the government have previously been addressed by this Court in *United States v. Navarro-Gonzalez*, No. 8:21CR72, 2021 WL 3684484, at *2 (D. Neb. June 1, 2021), *report and recommendation adopted*, No. 8:21CR72, 2021 WL 2910702 (D. Neb. July 12, 2021). In *Navarro-Gonzalez,* the defendant moved to dismiss a similarly-worded count of his indictment that charged him with both § 924(c)(1)(A) offenses. See *Navarro-Gonzalez*, 2021 WL 3684484, at *2. The magistrate judge in *Navarro-Gonzalez*, relying on the Eighth Circuit's holding in *Gamboa*, determined the indictment was duplicitous, ran the risk that part of a jury may find the defendant guilty of one crime while the rest of the jury finds him guilty of the other crime, and posed a risk of juror confusion due to the similar definitions of

2

the elements. *Id.* United States District Court Judge Brian Buescher, in adopting the magistrate judge's findings, rejected the government's reliance on *Arreola* because the Ninth Circuit's conclusion "that § 924(c)(1)(A) defines only one offense" plainly contradicts the holding of *Gamboa* that § 924(c)(1)(A) creates two separate offenses. *Navarro-Gonzalez*, 2021 WL 2910702, at *2. Therefore, in light of the Eighth Circuit's holding in *Gamboa*, Judge Buescher agreed the indictment charging both § 924(c)(1)(A) crimes was duplicitous "because it "join[s] in a single count [ ] two or more distinct and separate offenses." *Id.* (citing *Paul*, 885 F.3d at 1104). See also, *United States v. Rasti*, No. 8:21CR151, 2021 WL 3915080, at *2 (D. Neb. Aug. 3, 2021) (finding indictment charging both § 924(c)(1)(A) offenses was duplicitous), *report and recommendation adopted*, No. 8:21CR151, 2021 WL 3912263 (D. Neb. Sept. 1, 2021); *United States v. Polite*, No. 8:21CR166, 2021 WL 5043237, at *2 (D. Neb. Oct. 8, 2021) (same), *report and recommendation adopted*, No. 8:21CR166, 2021 WL 5041209 (D. Neb. Oct. 29, 2021).

Similarly in this case, Count IV alleges Defendant both knowingly used and carried a firearm in relation to a drug trafficking crime and knowingly possessed such firearm in furtherance of a drug trafficking crime. (Filing No. 1). Because § 924(c)(1)(A) sets out two separate offenses, see *Gamboa*, Count IV, which joins in a single count the two separate offenses contained in § 924(c)(1)(A), is duplicitous. The language of Count IV runs the risk that part of a jury may find Defendant guilty of one crime while the rest of the jury finds her guilty of the other crime, and, due to the similar definitions of the elements, Count IV poses a risk of juror confusion. See *Navarro-Gonzalez*, 2021 WL 2910702, at *2.

Having concluded that Count IV is duplicitous, the Court must next consider the appropriate remedy. "The right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court amendment." *Stirone v. United States*, 361 U.S. 212, 218-19 (1960). Only the grand jury may broaden charges in an indictment. *Id.* However, "courts have found that '[w]here an indictment or information contains a duplicitous count, the proper remedy is to dismiss the count *or* to require the United States to elect which offense it desires to pursue.'" *Navarro-Gonzalez*, 2021 WL 3684484, at *2 (quoting *United States v. Pleasant*, 125 F. Supp.2d 173, 176 (E.D. Va. 2000) (emphasis added); see also *United States v. Sturdivant*, 244 F.3d 71, 79 (2d Cir. 2001) (stating remedies for duplicity include "having the government elect to proceed based upon only one of the distinct crimes included within a duplicitous count"). In this district, the Court on three prior occasions has found the proper remedy

for a duplicitous count containing both § 924(c)(1)(A) offenses is to require the government to elect the offense with which to proceed. See *Rasti,* 2021 WL 3915080; *Polite*, 2021 WL 5043237, at *2; *Navarro-Gonzalez,* 2021 WL 3684484, at *2. Under the circumstances presented here, and in line with the prior decisions of this Court, the undersigned will recommend that the government be required to elect which prong of § 924(c)(1)(A) under which it wishes to proceed. Doing so would not impermissibly broaden the scope of the Indictment or charges against Defendant, but instead would narrow Count IV to eliminate one of the charged offenses. Thus, Defendant would be sufficiently advised of the charges against her and the Indictment would no longer contain a duplicitous count. The government requested in its brief that, if the Court determines Count IV is duplicitous, it would elect to proceed only on the possession prong of § 924(c)(1)(A). (Filing No. 27 at p. 11). Upon consideration,

**IT IS HEREBY RECOMMENDED** to United States District Court Brian C. Buescher that Defendant's Motion to Dismiss Count IV of the Indictment (Filing No. 20) be denied to the extent it requests dismissal of the entirety of Count IV as a remedy for the duplicitous count, but require the government to elect to proceed only on the possession prong of § 924(c)(1)(A) in Count IV.

Dated this 14th day of July, 2022.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.