IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>HOLLY M. FLEMING,<br><br>Defendant. | 8:22-CR-59<br><br>MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

## I.   INTRODUCTION

This matter is before the Court on an objection by the Government to the Magistrate Judge's Findings and Recommendation. Filing 34. In his Findings and Recommendation, United States Magistrate Judge Michael D. Nelson concluded that Count IV of the Indictment—which charged Defendant with using and carrying a firearm during and in relation to, and knowingly possessing such firearm in furtherance of, a drug trafficking crime—was duplicitous. Filing 30 at 2–3. As a remedy, Judge Nelson recommended that the Government elect to proceed only on the possession prong of Count IV. Filing 30 at 3–4. For the reasons stated herein, the Court overrules the Government's objection and adopts Judge Nelson's Findings and Recommendation in its entirety.

## II.   BACKGROUND

On March 22, 2022, a grand jury issued a four-count Indictment charging Defendant with (1) conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846; (2) possession with intent to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1), (b)(1); (3) possession with intent to distribute 500 grams or more of a

1

mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. 841(a)(1), (b)(1); and (4) using and carrying a firearm during and in relation to, and knowingly possessing such firearm in furtherance of, a drug trafficking crime (described in Counts I through III) in violation of 18 U.S.C. § 924(c)(1)(A). Filing 1 at 1–2. Defendant moved to dismiss Count IV as duplicitous. Filing 20. Specifically, Defendant argued that Count IV of the Indictment alleges that she committed two distinct offenses under 18 U.S.C. § 924(c)(1)(A): using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime. Filing 21 at 2. The Government opposed the Motion. Filing 27.

On July 14, 2022, Judge Nelson recommended denying Defendant's Motion to the extent it requested dismissal of Count IV in its entirety but recommended requiring the government to proceed solely on the possession prong of § 924(c)(1)(A) in Count IV. In his Findings and Recommendation, Judge Nelson relied on a previous order from the Court in *United States v. Navarro-Gonzalez*, No. 8:21CR72, 2021 WL 2910702 (D. Neb. July 12, 2021), in which the Court determined that a similarly worded indictment was duplicitous based on the Eighth Circuit Court of Appeals case *United States v. Gamboa*, 439 F.3d 796 (8th Cir. 2006). The Government has filed a timely objection to Judge Nelson's Findings and Recommendation. Filing 34. While the objection was pending, the Government filed a Superseding Indictment. Filing 34. The Superseding Indictment also includes a similar Count IV charge under both prongs of 18 U.S.C. § 924(c)(1)(A) found in the original Indictment.

### III. ANALYSIS

#### A. Standard of Review

28 U.S.C. § 636(b)(1) governs the different standards of review when a party objects to a decision or a proposed findings or recommendations by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's proposed findings or recommendations, "[a] judge of the court shall make a de novo determination of those portions . . . to which objection is made." *Id.*; *accord Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995) ("Once a proper objection is made to a magistrate judge's finding, the district court must review that finding de novo."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under *de novo* review, a reviewing court "makes its own determinations of disputed issues and does not decide whether the magistrate[] [judge's] proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). *De novo* review is non-deferential and requires an independent review of the entire matter. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When de novo review is compelled, no form of appellate deference is acceptable."); *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004) ("'De novo' is a Latin term literally meaning 'as new.' Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law . . . ."). When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo

determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008).

### B. Effect of the Superseding Indictment

The Court first addresses whether the Superseding Indictment issued by the Government precludes ruling on the duplicity issue with the original Indictment. Under Eighth Circuit Court of Appeals caselaw, "a superseding indictment does not in effect dismiss the original indictment and . . . both indictments can co-exist." *United States v. Walker*, 363 F.3d 711, 715 (8th Cir. 2004). "An original indictment remains pending prior to trial, even after the filing of a superseding indictment, unless the original indictment is formally dismissed." *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011). In the present case, the Government has not moved to dismiss the original Indictment, and therefore it remains pending. Accordingly, the Court will proceed to the merits of the Government's objection as it relates to the original Indictment. *See United States v. Heggebo*, No. 10-CR-16-LRR, 2010 WL 1913595, at *1 (N.D. Iowa May 12, 2010) (concluding that the issuing of a superseding indictment did not moot a motion directed at the original indictment and ruling on the merits of that motion). The Court declines to rule at this time on whether Count IV of the Superseding Indictment is also duplicitous, as that issue is not before it and Defendant's Motion to Dismiss is directed solely at the original Indictment.

### C. Count IV is Duplicitous

The issue before the Court is whether Count IV of the Indictment, which tracks the language of 18 U.S.C. § 924(c)(1)(A), is duplicitous. Section 924(c)(1)(A) provides:

> [A]ny person who, during in relation to any . . . drug trafficking crime . . .uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm shall, in addition to the punishment provided for such . . . drug trafficking crime . . . be sentenced to a term of imprisonment not less than 5 years; . . . if the firearm is

   brandished, be sentenced to a term of not less than 7 years; and . . . if the firearm is
   discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

  "Federal Rule of Criminal Procedure 8(a) provides that the government may charge two or more connected offenses in the same indictment, as long as each is charged in a separate count." *United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011). "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018) (quoting *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997)). "The problem with a duplicitous indictment is that 'the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense.'" *Id.* (quoting *Nattier*, 127 F.3d at 657).

  When faced with a challenge to an allegedly duplicitous indictment, a court must "distinguish between a statute creating several offenses and a statute merely enumerating several ways of committing the same offense." *United States v. James*, 172 F.3d 588, 593 (8th Cir. 1999). A statute "which merely enumerates one or more ways of committing a single offense" does not present duplicity concerns. *United States v. Moore*, 184 F.3d 790, 793 (8th Cir. 1999). "In that case, all of the different ways of committing that same offense may be alleged in the conjunctive in one count, and proof of any one of the enumerated methods will sustain a conviction." *Id.*

  The Court has considered this issue on three prior occasions and has consistently rejected the Government's position that 18 U.S.C. § 924(c)(1)(A) does not contain two separate offenses. *See Navarro-Gonzalez*, 2021 WL 2910702; *United States v. Rasti*, No. 8:21CR151, 2021 WL 3915080 (D. Neb. Aug. 3, 2021), *report and recommendation adopted*, No. 8:21-CR-151, 2021 WL 3912263 (D. Neb. Sept. 1, 2021); *United States v. Polite*, No. 8:21CR166, 2021 WL 5043237, at *1 (D. Neb. Oct. 8, 2021), *report and recommendation adopted*, No. 8:21-CR-166, 2021 WL

5041209 (D. Neb. Oct. 29, 2021). As the Court has previously explained, the conclusion that § 924(c)(1)(A) contains two separate offenses is dictated by the Eighth Circuit Court of Appeals case *United States v. Gamboa*. In *Gamboa*, the Eighth Circuit Court of Appeals considered whether a conviction under two separate counts, one for "usi[ing] and carr[ying]" a firearm and another for possession of a firearm, both in violation of § 924(c)(1)(A), violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. *Gamboa*, 439 F.3d at 809–10. In holding that a conviction under both counts did not violate the double jeopardy provision of the Constitution, the *Gamboa* court concluded that the "us[ing] and carr[ying] 'during in relation to' a drug trafficking crime" part of § 924(c)(1)(A) and the "possession 'in furtherance' of a drug trafficking crime" part of § 924(c)(1)(A) were separate elements of separate offenses. *Id.* at 810. As the court summarized, "each count require[d] proof of an element not required by the other." *Id.* at 809.

Therefore, because the Eighth Circuit Court of Appeals has held that the "uses and carries" and the "possesses" prongs of § 924(c)(1)(A) constitute two separate offenses, Count IV of the Indictment is duplicitous. It alleges separate offenses, each with an element different from the other, and, thus, runs the risk of a nonunanimous finding of guilt by a jury. See *Paul*, 885 F.3d at 1104.

The Government attempts to cast doubt on the *Gamboa* opinion by criticizing it as internally contradictory. Filing 34 at 4. The Government notes that after the *Gamboa* court held that § 924(c)(1)(A) creates separate criminal offenses, later in the opinion the court held "[w]e agree with other circuits that have concluded that § 924(c)(1) is best construed as a *single crime* with a choice of penalty options all within the overarching statutory maximum life sentence. *Gamboa*, 439 F.3d at 811 (emphasis added). What the Government fails to mention is that this

6

conclusion came in a separate section during a separate analysis of a separate issue in the *Gamboa* opinion. The *Gamboa* court's holding that § 924(c)(1) is "a single crime" is found in the part of the opinion dealing with whether a district court may find, by a preponderance of the evidence, that the offense of "us[ing] and carr[ying]" a firearm involved a machine gun, or whether such a finding must be made by a jury. *See id.* ("Gamboa argues that because a judge, and not a jury, determined that his firearm was a machinegun, the 30–year sentence violated his constitutional rights . . . ."). The court concluded that § 924(c)(1)(B)(ii) —which raises the mandatory minimum if the firearm possessed by the offender was a machine gun—is "a sentencing factor that is properly determined by a judge upon a preponderance of the evidence." *See id.* Therefore, when placed in its proper context, the *Gamboa* decision's construction of § 924(c) as "a single crime with a choice of penalty options" relates to what parts of § 924(c) must be found by a jury. It has nothing to do with whether § 924(c)(1)(A) constitutes separate offenses for the purposes of duplicity.

The Government further contends that *Gamboa* does not govern the issue before this Court because the *Gamboa* court "did not directly address whether a count charging both prongs of § 924(c) is duplicitous." Filing 34 at 4. While it is true that *Gamboa* did not analyze the duplicity of an indictment, the Government provides no reason why the *Gamboa* court's holding that § 924(c)(1)(A) creates two separate offenses does not mandate a finding of duplicity in this case. As this Court has already determined, because the "uses and carries" and the "possesses" prongs of § 924(c)(1)(A) constitute two separate offenses, Count IV is duplicitous and hazards a nonunanimous finding of guilt by a jury.

Finally, the Government urges the Court to sidestep *Gamboa* and follow the Ninth Circuit Court of Appeals decision in *United States v. Arreola*, 467 F.3d 1153 (9th Cir. 2006). In *Arreola*, the Ninth Circuit Court of Appeals held that a count tracking the language of § 924(c)(1)(A) was

not duplicitous because the section "does not create two separate offenses." *United States v. Arreola*, 467 F.3d 1153, 1158 (9th Cir. 2006).[1] *Arreola* is not the only opinion on this matter, however, as the Sixth Circuit Court of Appeals in *United States v. Lloyd*, 462 F.3d 510 (6th Cir. 2006), came to the opposite conclusion, holding that an indictment charging both prongs of § 924(c)(1)(A) was duplicitous. *See United States v. Lloyd*, 462 F.3d 510, 514 (6th Cir. 2006). Regardless of the relative merits of the opinions in *Arreola* and *Lloyd*, those decisions are irrelevant to the present issue before the Court because it is governed by binding Eighth Circuit Court of Appeals precedent. Accordingly, the Court declines the Government's invitation to adopt the reasoning of the *Arreola* court.

Having concluded that Count IV is duplicitous,[2] the remaining issue before the Court is the proper remedy. The Eighth Circuit Court of Appeals has long held that a duplicitous charge in an indictment may be cured by giving the jury a limiting instruction to unanimously find the defendant guilty of at least one distinct act. *See, e.g., Pietrantonio*, 637 F.3d at 869; *Nattier*, 127 F.3d at 657. Nevertheless, in its brief, the Government states that if the Court found Count IV duplicitous, it agreed with Judge Nelson's remedy that the Government must proceed on the "possession" prong. Given that the Government does not challenge Judge Nelson's recommendation on the appropriate remedy, the Court adopts it and will require the Government to proceed on the "possession" prong of Count IV of the Indictment. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) (holding that, absent

---

[1] The Government states that the *Arreola* court cited an Eighth Circuit Court of Appeals case "which reached the same conclusion." Filing 34 at 6. Contrary to the Government's representation, the case cited by *Arreola*, *United States v. Street*, 66 F.3d 969 (8th Cir. 1995), did not involve § 924(c)(1)(A). Rather, the defendant in *Street* was charged under 18 U.S.C. § 111, which prohibits forcibly assaulting, resisting, or impeding officers or employees of the United States government. *See United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995).

[2] The Court notes that Count IV of the Superseding Indictment tracks the language of § 924(c)(1)(A) and is similar to Count IV of the original Indictment. *Compare* Filing 1 at 2, *with* Filing 35 at 2. Although the Court declines to rule on whether Count IV of the Superseding Indictment is duplicitous, nothing in this Order precludes Defendant from filing a motion to dismiss Count IV of the Superseding Indictment as duplicitous or prevents the Government from stating that it will only proceed on the possession prong of Count IV of the Superseding Indictment.

an objection, a reviewing district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate."); 28 U.S.C. § 636(b)(1) (requiring "a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*" (emphasis added)).

### IV. CONCLUSION

The Court concludes that a count in an indictment tracking the language of 18 U.S.C. § 924(c)(1)(A) is duplicitous. The Government shall proceed solely on the possession prong of Count IV of the Indictment. The Court makes no determination at this time of the duplicity of Count IV of the Superseding Indictment. Accordingly,

IT IS ORDERED:

1. The Government's Objection to Judge Nelson's Findings and Recommendation, Filing 34, is overruled;

2. Judge Nelson's Findings and Recommendation, Filing 30, is adopted in its entirety; and

3. The Government shall proceed solely on the possession prong of Count IV of the Indictment.

Dated this 22nd day of August, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

9